UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


Nighat Rahman,                                   Case No. 3:19-cv-509

       Plaintiff

   v.                                            MEMORANDUM OPINION
                                                                                                                                      AND ORDER

Bayview Loan Servicing LLC,

       Defendant


**Background**

    *Pro se* plaintiff Nighat Rahman has filed an Emergency Motion and Complaint for Injunction against Bayview Loan Servicing LLC (Bayview). (Doc. No. 1). Her complaint pertains to a mortgage foreclosure action brought against her by Bayview in connection with her residence located at 26430 Windy Trace, Perrysburg, Ohio. (*See id.* at ¶ 1.) Although her complaint does not refer to the specific foreclosure action at issue, the Wood County Court of Common Pleas docket shows that a judgment of foreclosure was entered against her in connection with the subject property on February 7, 2019, in *Bayview Loan Servicing LLC v. Rahman, Nighat et al.*, Case No. 2018 CV 0543 (Wood County Ct. of Comm. Pls.). An Order of Sale relating to the property was entered in the state case on February 28, 2019.

    In her motion and complaint, the plaintiff raises challenges to the propriety of foreclosure and Bayview's conduct in bringing the state foreclosure action. Among other things, she contends there was fraud and bad faith and violations of a number of federal laws. For relief, she seeks

1

reconsideration of the state foreclosure case, as well as emergency injunctive relief "halt[ing]" and "stop[ping]" the foreclosure. (*Id.* at pp. 10, 11, 14.)

The plaintiff's application to proceed *in forma pauperis* (Doc. No. 2) is granted; however, for the reasons stated below, her motion for injunctive relief is denied and her complaint is dismissed.

**Analysis**

Although *pro se* pleadings are liberally construed and held to less stringent standards than formal pleadings drafted by lawyers, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), federal district courts are required to screen all *in forma pauperis* actions filed in federal court, and to dismiss before service any such action that the court determines is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B); *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010). I must dismiss the plaintiff's complaint under § 1915(e)(2)(B).

First, the plaintiff's claims are barred by the doctrine of *res judicata*, which provides that "a final judgment on the merits of an action precludes the parties or their privies from re-litigating issues that were or could have been raised in a prior action." *In re Alfes*, 709 F.3d 631, 638 (6th Cir. 2013). Under *res judicata*, "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Hapgood v. City of Warren*, 127 F.3d 490, 493 (6th Cir. 1997). A second suit is barred when there is: (1) a prior final, valid decision on the merits by a court of competent jurisdiction; (2) a second action involving the same parties, or their privies, as the first; (3) the second action raises claims that were or could have been litigated in the first action; and (4) the second action arises out of the transaction or occurrence. *Id.*

These criteria are satisfied here. A state judgment of foreclosure was entered against the plaintiff in connection with her property in Wood County; (2) this lawsuit involves the same parties or their privies as the state action (*i.e.*, the plaintiff and Bayview); (3) the plaintiff could have litigated the

2

claims she seeks to raise in this case in the state case; and (4) her claims arise out of the same "transaction or occurrence" (*i.e.*, her mortgage loan and Bayview's entitlement to foreclose on her property). Accordingly, the plaintiff's claims are barred. *See, e.g., Clark v. Lender Processing Serv., Inc.*, 949 F. Supp. 2d 763, 773-74 (N.D. Ohio 2013) (holding that *res judicata* barred mortgagor's state and federal claims challenging the propriety of a foreclosure where there was a prior, final decision on the merits in an underlying state foreclosure action).

Second, I cannot exercise subject-matter jurisdiction over the plaintiff's claims under the *Rooker-Feldman* doctrine, which provides that "lower federal courts lack subject matter jurisdiction to review the decisions of state courts." *See Givens v. Homecomings Financial*, 278 F. App'x 607, 608-09 (6th Cir. May 20, 2008). *Rooker-Feldman* precludes federal jurisdiction in "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.*, citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

Plaintiff's claims fall within *Rooker-Feldman* because they clearly seek to challenge, and invite me to review and reject, an unfavorable state-court judgment of foreclosure against her. *See Givens*, 278 F. App'x at 609 (holding that a plaintiff suit "fits squarely" within *Rooker-Feldman* where the "point of th[e] suit [was] to obtain federal reversal of a state court decision" granting possession of property to defendants); *Kafele v. Lerner, Sampson & Rothfuss, L.P.A.*, 161 Fed. App'x 487, 490 (6th Cir. 2005) (affirming dismissal of claims under *Rooker-Feldman* where "[e]ach of the . . . claims set forth by the plaintiffs rests on the premise that [a] state court entry of foreclosure was invalid").

Finally, I cannot not interfere with pending state foreclosure proceedings. A federal court must decline to interfere with pending state proceedings involving important state interests unless extraordinary circumstances are present. *See Younger v. Harris*, 401 U.S. 37, 44-45 (1971). Abstention is appropriate if: (1) state proceedings are on-going; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal questions.

3

*Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). To the extent state foreclosure proceedings are pending in connection with the plaintiff's property, all three factors supporting abstention are present. The matters presented in the plaintiff's complaint implicate important state interests, *see Doscher v. Menifee Circuit Court*, No. 03-5229, 2003 WL 22220534 (6th Cir. Sept. 24, 2003); and there is no indication the plaintiff could not have raised valid federal concerns in the state case.

## Conclusion

For all of the foregoing reasons, the plaintiff's emergency motion for injunctive relief is denied, and her complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). I further certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

So Ordered.

       s/ Jeffrey J. Helmick
United States District Judge